UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| KIMBERLY D. LOXTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 1:19-CV-484-HAB |
| | ) |
| ANDREW M. SAUL, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

This matter comes before the Court on Plaintiff's Amended Opening Brief in Support of Complaint to Reverse the Decision of the Commissioner of Social Security (ECF No. 18), filed on April 30, 2020. Defendant Andrew M. Saul, Commissioner of Social Security (the "Commissioner") filed his Memorandum in Support of Commissioner's Decision (ECF No. 19) on June 4, 2020. Plaintiff filed her Reply Brief (ECF No. 20) on June 18, 2020. This matter is now ripe for review.

**A.     Procedural History**

On October 27, 2016, Plaintiff applied for disability insurance benefits under Title II of the Social Security Act. Her application was denied initially on January 9, 2017, and again on reconsideration on May 25, 2017. The claimant appeared and testified at a hearing before an administrative law judge ("ALJ") on May 21, 2018, in Fort Wayne, Indiana. The ALJ issued its Decision finding that Plaintiff was not disabled (the "Decision") on October 31, 2018. Plaintiff filed a request for review with the Appeals Council, which request was denied on October 8, 2019. This appeal followed.

**B.     Legal Analysis**

**1.      *Standard of Review***

A claimant who is found to be "not disabled" may challenge the Commissioner's final decision in federal court. This Court must affirm the ALJ's decision if it is supported by substantial evidence and free from legal error. 42 U.S.C. § 405(g); *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002). Substantial evidence is "more than a mere scintilla of proof." *Kepple v. Massanari*, 268 F.3d 513, 516 (7th Cir. 2001). It means "evidence a reasonable person would accept as adequate to support the decision." *Murphy v. Astrue*, 496 F.3d 630, 633 (7th Cir. 2007); *see also Diaz v. Chater*, 55 F.3d 300, 305 (7th Cir. 1995) (substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.") (citation and quotations omitted).

In determining whether there is substantial evidence, the Court reviews the entire record. *Kepple*, 268 F.3d at 516. However, review is deferential. *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). A reviewing court will not "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [its] own judgment for that of the Commissioner." *Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003) (quoting *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000)).

Nonetheless, if, after a "critical review of the evidence," the ALJ's decision "lacks evidentiary support or an adequate discussion of the issues," this Court will not affirm it. *Lopez*, 336 F.3d at 539 (citations omitted). While the ALJ need not discuss every piece of evidence in the record, he "must build an accurate and logical bridge from the evidence to [the] conclusion." *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). Further, the ALJ "may not select and discuss only that evidence that favors his ultimate conclusion," *Diaz*, 55 F.3d at 308, but "must confront the evidence that does not support his conclusion and explain why it was rejected," *Indoranto v.*

*Barnhart*, 374 F.3d 470, 474 (7th Cir. 2004). Ultimately, the ALJ must "sufficiently articulate his assessment of the evidence to assure" the court that he "considered the important evidence" and to enable the court "to trace the path of [his] reasoning." *Carlson v. Shalala*, 999 F.2d 180, 181 (7th Cir. 1993) (quoting *Stephens v. Heckler*, 766 F.2d 284, 287 (7th Cir. 1985) (internal quotation marks omitted)).

**2.    *The ALJ's Decision***

A person suffering from a disability that renders her unable to work may apply to the Social Security Administration for disability benefits. *See* 42 U.S.C. § 423(d)(1)(A) (defining disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months"). To be found disabled, a claimant must demonstrate that her physical or mental limitations prevent her from doing not only her previous work, but also any other kind of gainful employment that exists in the national economy, considering her age, education, and work experience. § 423(d)(2)(A).

If a claimant's application is denied initially and on reconsideration, she may request a hearing before an ALJ. *See* 42 U.S.C. § 405(b)(1). An ALJ conducts a five-step inquiry in deciding whether to grant or deny benefits: (1) whether the claimant is currently employed, (2) whether the claimant has a severe impairment, (3) whether the claimant's impairment is one that the Commissioner considers conclusively disabling, (4) if the claimant does not have a conclusively disabling impairment, whether she has the residual functional capacity to perform her past relevant work, and (5) whether the claimant is capable of performing any work in the national economy. *Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001).

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since June 14, 2016, although the ALJ did note that Plaintiff had some earnings during the third and fourth quarters of 2016. At step two, the ALJ found that Plaintiff suffered from the severe impairment of spinal disorder. Plaintiff was found to have the following non-severe impairments: hypertension, saddle anesthesia, urine retention, and stool incontinence.

At step three, the ALJ determined that Plaintiff did not have "an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1" (R. 42). The ALJ specifically considered listing 1.04, Disorders of the Spine.

At step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) except she has the option to alternate positions at every 20 to 30 minutes. She can occasionally climb stairs and ramps, but never climb ladders, ropes, and scaffolds. She can only perform occasional balancing, and occasional stooping, kneeling, crouching and crawling. She must avoid concentrated exposure to operational control of dangerous moving machinery and unprotected heights.

(R. 43). Based on this RFC, the ALJ found that Plaintiff could perform past relevant work and, therefore, was not disabled.

**3.**     ***The RFC Fails to Accommodate Plaintiff's Non-Severe Impairments***

Plaintiff raises several allegations of error, but the Court finds one dispositive. When determining residual functional capacity, the ALJ "must evaluate all limitations that arise from medically determinable impairments, even those that are not severe, and may not dismiss a line of evidence contrary to the ruling." *Villano v. Astrue*, 556 F.3d 558, 563 (7th Cir.2009). The Court concludes that the ALJ failed to include limitations related to Plaintiff's urine retention and stool incontinence, requiring remand.

The evidence related to these impairments is largely undisputed. Plaintiff is required to self-catheterize four to six times a day to account for her urinary retention. Each time the procedure takes ten to fifteen minutes if performed outside the home. At the high end, then, self-catheterization alone can account for an hour and a half of Plaintiff's day.

This is to say nothing of Plaintiff's fecal issues, which run the gamut from constipation to bowel leakage. Due to constipation and her saddle anesthesia, Plaintiff's bowel movements can sometimes take up to two hours. The prescribed remedy for this issue, glycerin suppositories, create a whole host of other issues. Plaintiff generally avoided taking this medication when she planned on leaving the home because she never knew when it would take effect. And, owing to her saddle anesthesia, she often would not know she needed to have a bowel movement until the fecal matter was already leaving her rectum. Plaintiff's medical records are replete with phrases like "fecal smearing" and "fecal leakage," enough for the Court to be confident that the issues posed by Plaintiff's voiding issues are more than simple inconveniences.

Despite these undisputed issues, the ALJ made no reference in the RFC to necessary, regular breaks to allow Plaintiff to take care of her myriad bathroom issues. This omission is not harmless. As Plaintiff notes, the vocational expert testified that unscheduled breaks every sixty to ninety minutes for ten to fifteen minutes each would "rule out the past work" and "all competitive work." (R. 104). The VE further testified that Plaintiff could not sustain her past work if off task for more than 10% of the time. (*Id*. at 105). Had the ALJ properly accounted for Plaintiff's restroom requirements, the VE's conclusion about past work may very well have been different.

The Commissioner's arguments for the lack of restroom breaks in the RFC are not compelling. The Commissioner notes that Plaintiff reported limited issues with her self-catherization and that the suppositories had helped her constipation. The Commissioner also

5

highlights that Plaintiff sought limited treatment for her fecal incontinence. All of these may very well be true, but in no way do they call into question Plaintiff's undisputed testimony regarding her restroom needs, nor do they diminish the need for restroom breaks in the RFC. Plaintiff's episodes of unexpected fecal leakage do not disappear simply because of her report that her constipation had been helped by medication.

Because the ALJ concluded that Plaintiff's urine retention and fecal incontinence were impairments, because the ALJ failed to account for those impairments in the RFC, and because the inclusion of accommodations for those impairments may have changed the opinion of the VE, this matter must be remanded. *Sikorski v. Berryhill*, 690 Fed. Appx. 429, 432–33 (7th Cir. 2017). In light of this finding, the Court need not address Plaintiff's remaining allegations of error.

**C.     Conclusion**

For the foregoing reasons, the Decision is REMANDED. The Clerk is DIRECTED to enter judgment in favor of Plaintiff and against Defendant.

SO ORDERED on October 22, 2020.

                                        s/ Holly A. Brady
                                        JUDGE HOLLY A. BRADY
                                        UNITED STATES DISTRICT COURT